CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 6, 2013

LETTER TO COUNSEL:

      RE:    *Samuel Bogley v. Commissioner, Social Security Administration*;
              Civil No. SAG-12-1327

Dear Counsel:

On April 30, 2012, the Plaintiff, Samuel Bogley, petitioned this Court to review the Social Security Administration's final decision to deny his claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). [ECF No. 1]. I have considered the parties' cross-motions for summary judgment. [ECF Nos. 11, 14]. I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

Mr. Bogley filed his claims for benefits on November 14, 2009 (SSI) and June 2, 2010 (DIB), alleging disability beginning on July 27, 2005. (Tr. 171-75). His claims were denied initially on May 26, 2010, and on reconsideration on December 3, 2010. (Tr. 89-93, 98-101). A hearing was held before an Administrative Law Judge ("ALJ") on October 18, 2011. (Tr. 35-84). After the hearing, on November 4, 2011, the ALJ determined that Mr. Bogley was not disabled during the relevant time frame. (Tr. 9-34). The Appeals Council denied Mr. Bogley's request for review (Tr.1-6), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ found that Mr. Bogley suffered from the severe impairments of degenerative joint disease of the right knee, lumbar degenerative joint disease, major depressive disorder, and bipolar disorder. (Tr. 14). Despite these impairments, the ALJ determined that Mr. Bogley retained the RFC to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the ability to lift and carry 10 pounds; stand and walk in excess of 2 hours but less than 6 hours in a given workday; sit for 6 hours in a given workday. He can perform postural exertions within the context of the considerable limits assigned to sedentary work,

> including stooping, crouching, crawling, squatting, kneeling, balancing, and climbing stairs less than occasionally; he should not be exposed to concentrated heat or cold in his work. He can understand, remember and carry out simple 1-2 step instructions, and interact occasionally with the general public.

(Tr. 16-17). After considering the testimony of a vocational examiner ("VE"), the ALJ determined that Mr. Bogley could perform work existing in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 25-26).

Mr. Bogley presents two arguments on appeal, that the ALJ: (1) erroneously formulated his RFC by improperly assigning weight to the opinions of medical sources; and (2) erroneously relied on the testimony of the VE by presenting a hypothetical that differed from the RFC and by failing to include certain limitations in the hypothetical. Each argument lacks merit.

First, Mr. Bogley protests the treatment of the opinions of consultative examiner Dr. Collins and treating physician Dr. Olivares.[1] Pl. Mot. 6-10. The ALJ noted that Dr. Collins completed a consultative examination on June 1, 2010. (Tr. 20). During the examination, Dr. Collins found that Mr. Bogley had a full scale IQ of 97, diagnosed Bipolar II disorder, and assigned a GAF score of 65. (Tr. 21). He also recommended job training and continued psychiatric care. *Id.* Mr. Bogley specifically argues that two of the limitations in Dr. Collins's report were not discussed by the ALJ: the fact that "competitive occupations requiring physical speed or dexterity, or moderately strenuous activities are probably ruled out," and the fact that Dr. Collins suggested that he "may not be able to handle a lot of stress, conflict or frustration." (Tr. 1004-05). An ALJ is not required to discuss every sentence in the medical opinions, or every "piece of evidence in the record." *See Melgarejo v. Astrue,* No. JKS-08-3140, 2009 WL 5030706, at *4 (D. Md. Dec. 15, 2009) (quoting *Piney Mountain Coal Co. v. Mays,* 176 F.3d 753, 762 n. 10 (4th Cir. 1999)). Moreover, the ALJ's determination essentially included the two principles raised by Mr. Bogley in the RFC. The limitation to sedentary employment inherently "rules out" physically demanding or strenuous jobs, and the limitation to simple tasks without regular contact with the general public reduces the likelihood of "stress, conflict or frustration." As a result, I find no error in the ALJ's consideration of Dr. Collins's report.

With respect to Dr. Olivares, the ALJ clearly reviewed and considered each form he submitted, including the June 6, 2011 referral to Community Case Management. (Tr. 21). In particular, the ALJ reviewed, in some detail, the opinion dated April 1, 2010 and submitted jointly by Dr. Olivares and Ms. Matthews-Vitello, a nurse practitioner. (Tr. 22-23). While the ALJ did not appear to recognize Dr. Olivares's signature on that opinion, the ALJ's reasons for assigning the opinion little weight were substantive and not solely based on the identity of the

---

[1] Although the ALJ also found that Mr. Bogley suffered from certain severe physical impairments, Mr. Bogley does not challenge the ALJ's determinations as to those impairments in this appeal. I have reviewed the record as to those impairments as well and find that the ALJ's determination that Mr. Bogley should be restricted to a limited range of sedentary work is supported by substantial evidence.

author. Specifically, the ALJ rejected the opinion as inconsistent with treatment records showing that Mr. Bogley's mood stabilized on medication, his performance during the testing in a consultative examination, and the evidence relating to Mr. Bogley's interaction with his girlfriend and minor children. (Tr. 23). The ALJ cited the same evidence, and the relative infrequency of Mr. Bogley's appointments with Dr. Olivares, in assigning little weight to Dr. Olivares's opinions of August 20, 2010 and September 27, 2011, which indicated extremely severe impairment. In fact, the limited narrative included in the August 20, 2010 report indicates that Mr. Bogley has a "good response" to his prescription medication, while still checking boxes indicating marked restrictions in functional areas. (Tr. 960-63). A treating physician's opinion merits controlling weight only when two conditions are met: 1) it is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and 2) it is not inconsistent with other substantial evidence in the record. See 20 C.F.R. § 404.1527(c)(2); *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996) (refined by 20 C.F.R. § 416.927(d)(2) (1999)). In light of the substantial inconsistent evidence cited by the ALJ, the assignment of weight to Dr. Olivares's opinions does not require remand.

Second, Mr. Bogley suggests that the ALJ erroneously relied upon the testimony of the VE. He contends that the hypothetical question presented to the VE differed from the RFC. The ALJ, in relevant part, told the VE that the hypothetical individual "can do postural exertions within the context of sedentary work, which is not much." (Tr. 71). In the RFC, the ALJ worded the restriction to state that Mr. Bogley "can perform postural exertions within the context of the considerable limits assigned to sedentary work," including that he can perform specific exertions "less than occasionally." (Tr. 17). Although the wording differed slightly, there is no material difference between the hypothetical posed to the VE and the eventual RFC. If anything, the wording presented to the VE suggests less of an ability to perform postural exertions, meaning that the jobs suggested by the VE would have been overly restrictive.

Finally, Mr. Bogley complains that the hypothetical failed to include certain restrictions suggested by Drs. Collins and Olivares. However, the ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel,* No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen,* 861 F.2d 536, 540–41 (9th Cir. 1988). Because, for the reasons discussed above, the ALJ adequately considered the opinions from Drs. Collins and Olivares, and because the hypothetical corresponded with the RFC, the ALJ's decision not to include certain limitations suggested by those physicians in her hypothetical did not constitute error.

For the reasons set forth herein, Plaintiff's motion for summary judgment [ECF No. 11] will be DENIED and the Commissioner's motion for summary judgment [ECF No. 14] will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge